### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COUNTY OF BEXAR, STATE OF TEXAS, CITY OF SAN ANTONIO, SAN ANTONIO INDEPENDENT SCHOOL DISTRICT<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§ | |
| -vs- | §<br>§ | SA-22-CV-00374-XR |
| ROWLAND J. MARTIN JR;<br>*Defendant* | §<br>§<br>§ | |

### ORDER

On this date, the Court considered (1) the motion to remand filed by Plaintiffs County of Bexar, State of Texas, City of San Antonio, and San Antonio Independent School District (collectively, the "Tax Authorities") (ECF No. 8); (2) Defendant's motion for a more definite statement (ECF No. 10) and the response (ECF No. 12) and reply (ECF No. 15) thereto; and (3) Defendant's motion for consolidation (ECF No. 11) and the response (ECF No. 13) thereto; and (4) Defendant's motion to dismiss Plaintiffs' motion to remand (ECF No. 22). After careful consideration, the Court issues the following order.

### BACKGROUND

On March 6, 2014, Tax Authorities filed suit against Martin in Cause No. 2014-TA1-00224 in the 45th Judicial District Court of Bexar County, Texas (the "2014 Tax Suit"). ECF No. 8 at 1–2. Tax Authorities' citation alleges that Martin failed to timely pay ad valorem taxes assessed by tax authorities against certain real properties in Bexar County, Texas, including property that he inherited from Ms. Johnnie Mae King (the "King Estate"). Over eight years later, on April 18, 2022, Martin removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1.

This is not Martin's first attempt to remove delinquent ad valorem tax proceedings against him to federal court. In one such case, filed in 2009 in the Western District of Texas, Martin removed a 2003 tax case, No. 2003-TA1-02385, to federal court on the theory that the efforts to collect the state court tax judgments violated the Fair Debt Collection Practices Act. *See Cnty. Of Bexar v. Gilliam*, No. SA-09-CA-949-FB, ECF No. 14 at 6 (W.D. Tex. Mar. 3, 2010) (Report and Recommendation of Magistrate Judge John Primomo). The Magistrate Judge concluded that Martin's removal of the case was both untimely and "unwarranted" insofar as the existence of a federal defense to a state-law claim does not create federal question jurisdiction. *See id.* at 6 (citing *Gutierrez v. Flores*, 543 F.3d 248, 252 (5ᵗʰ Cir. 2008)). Accepting the recommendation of the Magistrate Judge, Judge Biery assessed a $1,000 monetary penalty as sanctions for his violation of Rule 11, and admonished Martin not to remove delinquent tax suits to this Court in the future until certain prerequisites were met. *Cnty. Of Bexar v. Gilliam*, No. SA-09-CA-949-FB, 2010 WL 11597848, at *2 (W.D. Tex. Apr. 14, 2010). Specifically, Judge Biery held that Martin was "BARRED from filing in this Court or removing to this Court any lawsuit regarding or related to, directly or indirectly, the subject properties or tax indebtedness thereon until the $1,000 is fully paid into the registry of the Court." *Id.*

Despite this admonishment, in March 2017, Martin removed a second tax action involving the King Estate—the 2014 Tax Case now before the Court—to federal court based on a state-court filings in which he appeared to allege civil rights violations against the Tax Authorities under *inter alia*, 42 U.S.C. § 1982, and/or 28 U.S.C. § 1443. *See Cnty. Of Bexar v. Martin*, No. 5:17-CV-219-DAE, 2017 WL 4510598, at *3 (W.D. Tex. May 5, 2017). After ensuring that Martin had satisfied the monetary penalties imposed by Judge Biery, Judge Ezra granted the Tax Authorities' motion to remand, again noting that Martin could not "create

removability through a [federal] defense or counterclaim to a state court petition." *Id.* (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

Now, over five years later, Martin, proceeding *pro se*, has again removed the 2014 Tax Suit to federal court. *See* ECF No. 1. The Notice of Removal invokes federal requestion jurisdiction under 28 U.S.C. § 1331, because the state court "deprived Defendant due process of law by granting a motion that contained a backdated notice of service, in violation of the Fourteenth Amendment due process clause." ECF No. 1 at 2. In his Amended Notice of Removal, Martin identifies two "other papers" that "further substantiate the validity of the removal on federal question grounds." ECF No. 7. Specifically, he points to his recent "discovery" of two documents which asserts establish "a substantial federal question arising from the use of sham litigation to attack [his] constitutionally [sic] property rights": (1) a Plea to Jurisdiction filed in the 2014 Tax Suit on July 31, 2017, by Martin's former attorney, Edward Bravenec, who later obtained title to some of Martin's property through foreclosure in 2006; and (2) a letter from the Tax Authorities notifying Martin that a trial court setting had been dropped from the state court tax docket (based on the removal to this Court). *Id.* at 2–3. Martin appears to assert that the Bravenec pleading is "evidence of a False Claim Act violation," that the Tax Authorities lost their standing to sue by dropping the state-court trial setting, and that the other papers are evidence of anticompetitive "sham litigation," evidently implying a violation of federal antitrust law.

The Tax Authorities filed a motion for remand on May 18, 2022, arguing that the removal was untimely, failed to establish a basis for federal question jurisdiction, and was barred by the Tax Injunction Act, ECF No. 8. In lieu of a response to the Tax Authorities' motion,

Martin filed a "Motion For A More Definite Statement On Mootness And On Eligibility For

American Rescue Plan Grants," seeking, "pursuant to Rule 12(e)," to:

> compel Plaintiffs to provide a more definite statement to justify their motion for
> remand dated May 18, 2022 in light of legal developments that bear on the
> availability of a plain, speedy and efficient state court remedy. *See, Ohio v.
> Yellen*, 539 F. Supp. 3d 802 (D.C. OH., May 12, 2022) (Ohio judgment holding
> American Rescue Plan Tax Mandate guidelines unconstitutional).

ECF No. 10 at 1. Martin appears to suggest that the Tax Authorities' methods for prosecuting ad

valorem tax claims and certain proposed remedies in such cases are unconstitutional. *Id.* at 8–10.

On June 7, 2022, Martin filed a "Second Amended Notice of Removal" and motion to

consolidate this action with *Edward Bravenec, et al. v. Rowland J. Martin, Jr.*, No. SA:22-CV-

522-JKP (W.D. Tex.) (the "Bravenec Action") (ECF No. 11). The Bravenec Action was

originally filed as Case No. 2014 CI-07644 in the 285th Judicial District of Texas. Edward

Bravenec filed his original petition on May 13, 2014, alleging a claim for tortious inference with

contractual relations based on Martin's continued filings of notices of lis pendens and other

documents in state court, which had prevented the sale of the property Bravenec had obtained

from Martin. *Martin v. Bravenec*, No. 04-14-00483-CV, 2015 WL 2255139, at *2 (Tex. App.—

San Antonio, May 13, 2015, pet. denied)[1]. Although the case appears to have been closed in

---

[1] In 2010, Martin filed a lawsuit in federal district court against Bravenec and others alleging numerous causes of action challenging the foreclosure of the property. *Martin v. Bravenec*, No. 5:11-cv-414-XR, ECF No. 1 (W.D. Tex. Oct. 4, 2010). The federal district court granted summary judgments in favor of all the defendants and entered a take nothing judgment on December 21, 2012. *Id.*, ECF No. 114. In the summary judgment granted in favor of Bravenec, the federal district court ordered Martin to show cause why monetary sanctions should not be imposed against him for: "(1) repeatedly filing lawsuits for the purposes of harassment and the needless increase of litigation costs; and (2) continuing to assert claims that he knows are non-meritorious." *Id.* at 3–4.

On February 1, 2013, the federal district court entered an order imposing sanctions by directing the district clerk's office not to accept for filing any further motions filed by Martin in that case or any new *pro se* complaints without the prior written approval of a district judge. *Id.*, ECF No. 129. The federal district court's order stated:

> The Court observes that for years Plaintiff has engaged in a campaign of harassing, frivolous, and
> duplicative litigation. His lawsuits have served no purpose other than to increase the litigation
> costs of the Defendants and waste judicial resources. The Court finds that it is necessary to take
> some action to curtail the Plaintiff's propensity to burden the Court with meritless litigation.

Case 5:22-cv-00374-XR   Document 24   Filed 07/18/22   Page 5 of 11

2014, Martin removed the case to federal court on May 23, 2022, invoking federal question

jurisdiction. *Bravenec*, No. SA:22-CV-522-JKP, ECF No. 1. On May 31, 2022, Bravenec sent

Martin a letter threatening to move for Rule 11 sanctions based on the unwarranted removal of

the Bravenec Action. *See* ECF No. 11 at 17. In the Second Amended Notice of Removal in the

instant action, Martin asserts that the letter further supports removal as a violation of his "right to

free speech" and the "right to petition" afforded under the First Amendment. *Id.* at 5–14.

On June 16, nearly a month after the Tax Authorities filed their motion to remand, Martin

filed his "Objections and Exceptions" to the Tax Authorities' motion. *See* ECF No. 14.[2] Martin

subsequently a motion to dismiss the underlying 2014 Tax Suit (ECF No. 17), followed by an

amended motion (ECF No. 18), and two "Motion[s] to Dismiss Plaintiffs' Motion for Remand"

(ECF Nos. 21, 21). On July 1, 2022, the Court granted the Tax Authorities' motion to stay

consideration of Martin's motion to dismiss pending resolution of the motion to remand now

before the Court.

### DISCUSSION

### I.  Legal Standards

On a motion to remand, a court must consider whether removal to federal court was

proper. Removal is proper in any "civil action brought in a State court of which the district courts

---

*Id.* at 1–2. After Martin filed an amended notice of lis pendens, the federal court canceled the lis pendens and again sanctioned him for violation of Rule 11, this time awarding attorneys' fees. *Id.*, ECF Nos. 142, 143, 149. The Fifth Circuit later reversed the award of attorneys' fees as a violation of due process because the district court failed to consider Martin's untimely response to a show cause order notifying him of potential Rule 11 sanctions. *Id.*, ECF No. 181.

[2] Martin's filing, , which included over 60 single-spaced pages of briefing, was untimely and exceeded this Court's page limits. Local Rule CV-7(d) provides that responses to discovery and case management motions shall be filed no later than seven days after the filing of the motion. Responses to all other motions, including the Tax Authorities' motion for remand, must be filed within fourteen days after the filing of the motion. Pursuant to the Court Fact Sheet, available on the Court's website, motions and briefs up to 30 pages may be filed without leave of court. Martin did not seek leave to file an untimely response or to exceed the Court's page limit. Martin's response to the motion for remand (ECF No. 14) is therefore **STRICKEN** as untimely and for exceeding the page limit without leave of this Court.

of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. If a plaintiff's state-law claims arise under federal law such that they support federal question jurisdiction, they may not be remanded to state court. Ordinarily, determining whether a particular case arises under federal law turns on the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff is master of his complaint and may generally allege only a state-law cause of action even where a federal remedy is also available. *Id.* That federal law might provide a defense to a state-law claim does not create federal question jurisdiction. *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

An exception to the well-pleaded complaint rule exists, however, where Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). "This narrow exception—the artful pleading doctrine—permits the court to look beyond the face of the plaintiff's complaint to determine if federal law 'so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 485 (N.D. Tex. 2011) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *Elam*, 635 F.3d at 803.

Thus, complete preemption creates federal question jurisdiction, while ordinary preemption does not. "Ordinary" preemption, also known as "defensive" or "conflict" preemption, "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) (en banc); *see also Elam*, 635 F.3d at 803 ("Defensive preemption does not create federal jurisdiction and simply 'declares the primacy of federal law, regardless of the forum or the claim.'") (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003)). "As a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption." *Elam*, 635 F.3d at 803. "Indeed, complete preemption is a 'narrow' exception to the well-pleaded complaint rule." *Id.* Even an obvious federal preemption defense does not, in most cases, create removal jurisdiction. *Beers v. N. Am. Van Lines, Inc.*, 836 F.2d 910, 913 n.3 (5th Cir. 1988). "[T]he prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction [is] to remand the case to state court." *Taylor*, 481 U.S. at 67 (Brennan, J., concurring) (emphasis in original).

## II.    Analysis

Yet again, Martin is attempting to create federal question jurisdiction where it does not exist.  Each of the federal laws Martin identifies in his various notices of removal (ECF Nos. 1, 7, 11) and other filings opposing remand (ECF Nos. 10, 11, 14)—the Due Process Clause, the First Amendment, the False Claims Act, and, apparently, federal antitrust law—are raised as a defense to Martin's liability in the 2014 Tax Suit. As Martin has been reminded time and again, however, the existence of a federal defense to a state-law claim does not create federal question jurisdiction. *Elam*, 635 F.3d at 803.

Moreover, there is no evidence of "clear congressional intent to create removal jurisdiction" of ad valorem tax suits that could establish complete preemption. *Taylor*, 481 U.S. at 67. Indeed, the Tax Injunction Act, 28 U.S.C. § 1341, suggests that Congress took precisely the opposite view: that principles of comity counsel *against* federal court interference with state-court tax proceedings. The Tax Injunction Act ("TIA") precludes a federal district court from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA is a "broad jurisdictional impediment to federal court interference with the administration of state tax systems." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (1998) (quoting *United Gas Pipe Line Co. v. Whitman*, 595 F.3d 323, 326 (5th Cir. 1979)). The statute reflects "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981).

The TIA bars federal district courts from granting declaratory as well as injunctive relief in cases challenging state tax systems. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). Taxpayers also are barred by the principles of comity from asserting § 1983 actions against the validity of state tax systems in federal court. *McNary*, 454 U.S. at 116. Thus, the TIA bars the district court from asserting jurisdiction unless the State fails to supply a plain, speedy and efficient remedy for the taxpayer's claim. *Smith v. Travis Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992). For the statute to apply, two conditions must be met: (1) the law at issue must be a tax, as opposed to a regulatory fee, and (2) the state court must be "equipped to furnish the plaintiffs with a plain, speedy, and efficient remedy." *Id.*

Martin seeks to invalidate the tax assessment on his property on federal constitutional and other grounds. *See* ECF Nos. 1, 8, 11. The Fifth Circuit has addressed the adequacy of Texas remedies under § 1341 for such claims, and have found them to be "plain, speedy and efficient." *See McQueen v. Bullock*, 907 F.2d 1544, 1548 n.9 (5th Cir. 1990). Because Texas state courts provide a procedural vehicle for taxpayers' federal constitutional claims, including a "full hearing and judicial determination, with ultimate review available in the United States Supreme Court," Texas provides an adequate remedy for Martin's constitutional claims and defenses as well. *Smith*, 968 F.2d at 456.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over the 2014 Tax Suit and, accordingly, that the Tax Authorities' motion to remand (ECF No. 8) must be **GRANTED**.

## III.    Potential Rule 11 Sanctions

A district court may sanction a party, including a *pro se* litigant, under Rule 11 if it finds that the litigant filed a pleading for an improper purpose or that the pleading was frivolous. See FED. R. CIV. P. 11(b) and (c); *Whittington v. Lynaugh*, 842 F.2d 818, 820–21 (5th Cir. 1988). The court may *sua sponte* order a party to show cause why conduct specifically described in the order has not violated Rule 11(b). *See Marlin  v. Moody National Bank, N.A.*, 533 F.3d 374, 378 (5th Cir. 2008) (citing FED. R. CIV. P. 11(c)(3)). Although the district court need not hold a hearing, it must provide the litigant notice of the proposed sanctions and the opportunity to be heard to satisfy Rule 11 and the Due Process Clause. *See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191–92 (5th Cir.1996).

Martin is hereby notified that the Court is considering imposing sanctions *sua sponte* against him for violating his Rule 11(b) obligations, including potential monetary sanctions and a

prefiling injunction prohibiting Martin from filing or removing any civil action in the San Antonio Division the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this district.

The Court has determined that Plaintiff has likely violated Rule 11(b). When he removed the 2014 Tax Suit to federal court for the second time, Martin had been reminded on multiple occasions that federal defenses do not create federal subject matter jurisdiction. *See Cnty. Of Bexar v. Gilliam*, No. SA-09-CA-949-FB, ECF No. 14 at 6 (W.D. Tex. Mar. 3, 2010); *Cnty. Of Bexar v. Martin*, No. 5:17-CV-219-DAE, 2017 WL 4510598, at *3 (W.D. Tex. May 5, 2017). While this removal may seek to invoke different federal defenses to the tax assessment than those raised in his previous attempts to remove state tax cases to federal court, Martin has not identified any ensuing change in the underlying law that a federal defense to a state-law claim does not create federal question jurisdiction. The Court cannot state it more clearly: this state court property tax case *does not* belong in federal court. In addition to repeatedly advancing these clearly meritless and frivolous arguments, Martin has in the time since removal filed nearly a dozen motions, responses, objections, and other documents totaling approximately 400 pages. The Court cannot discern any purpose for these various filings other than harassment and delay.

Accordingly, the Court will require Plaintiff to show cause why sanctions should not be imposed against him for violation of Rule 11.

## CONCLUSION

Tax Authorities' motion to remand (ECF No. 8) is **GRANTED**. This case is therefore **REMANDED** pursuant to 28 U.S.C. § 1447(c), (d) for lack of subject matter jurisdiction. The Clerk is directed to **REMAND** this case to the 45th District Court of Bexar County, Texas pursuant to 28 U.S.C. § 1447(d) and to close this case.

**IT IS FURTHER ORDERED** that all other pending motions, including Defendant's motion for a more definite statement (ECF No. 10), motion to consolidate this case with the Bravenec Action (ECF No. 11), amended motion to dismiss (ECF No. 18), and amended motion to dismiss the motion to remand (ECF No. 22) are **MOOT**.

**IT IS FURTHER ORDERED** that Martin's response to the motion for remand (ECF No. 14) is **STRICKEN** as untimely and for exceeding the page limit without leave of this Court.

**IT IS FURTHER ORDERED** that, within 21 days of the filing of this Order, Martin shall show cause why monetary sanctions should not be imposed against him pursuant to Rule 11(a).

It is so **ORDERED**.

SIGNED this 18th day of July, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE